UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DAVID L. RAYFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 4:10CV2162 JCH |
| ) | |
| JENNIFER SACHSE[1], ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Missouri State prisoner David L. Rayford's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On January 30, 2008, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of one count of stealing, third offense. Petitioner was sentenced as a persistent offender to seven years imprisonment. Petitioner's conviction and sentence were affirmed on appeal. State v. Rayford, 278 S.W.3d 736 (Mo. App. 2009). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied without an evidentiary hearing. (Resp. Exh. G). The Missouri Court of Appeals affirmed the denial of Petitioner's post-conviction motion. Rayford v. State, 322 S.W.3d 162 (Mo. App. 2010).

Petitioner is currently incarcerated at the Algoa Correctional Center in Jefferson City, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following two claims

---

[1] Petitioner is currently incarcerated at the Algoa Correctional Center in Jefferson City, Missouri. Inasmuch as Scott Lawrence, Superintendent of Algoa, is Petitioner's current custodian, he should be substituted for Jennifer Sachse as proper party respondent. Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

for relief:

> (1) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to object to the trial court's improper classification of Petitioner as a persistent offender, and appellate counsel failed to raise on direct appeal that the trial court had so erred[2]; and
>
> (2) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to object when a State's witness engaged in improper bolstering during his testimony at trial.

(§ 2254 Petition, PP. 5-8). The Court will address the claims in turn.

## DISCUSSION

### I.    Ground 1

As stated above, in Ground 1 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to object to the trial court's improper classification of Petitioner as a persistent offender, and appellate counsel failed to raise on direct appeal that the trial court had so erred. (§ 2254 Petition, PP. 5-6). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

> The first claim in movant's[3] amended motion is that trial counsel was ineffective for not objecting to the Court's classification of him as a prior and persistent offender in that the State did not prove he had been convicted of two prior felonies and the determination of his persistent offender status was made after the case was submitted to the jury. Movant further alleges appellate counsel was ineffective for not raising this ground on appeal.
>
> Movant was charged as a prior and persistent offender based on 1990 guilty pleas for two counts of burglary first degree and stealing over $150, a 1993 guilty plea to burglary second degree, 1995 guilty pleas to burglary second degree and possession of burglar's tools, and a 2005 guilty plea to possession of cocaine base. Movant's trial took place in January 2008. Following the testimony of the final

---

[2] To the extent Petitioner intended to raise his assertion in Ground 1 as a claim of underlying trial court error, such claim is procedurally defaulted, as Petitioner failed to raise it on direct appeal of his conviction and sentence.

[3] Petitioner is referred to as "movant" by the Missouri State courts.

- 2 -

witness for the State, Anthony Hafner, the Assistant Circuit Attorney, asked the Court to take judicial notice of court files in the possession of the courtroom clerk for the purpose of proving movant's status as a prior and persistent offender and in order to prove two prior stealing offenses. The Court took judicial notice of Cause Nos. 019-5053-A and 019-5264 which involved findings of guilt of stealing under $150. The Court also took judicial notice of Cause Nos. 039-2403, trespassing second degree, and 031-2587, possession of a controlled substance and possession of drug paraphernalia. Mr. Hafner said he had more priors and the Court said "we'll take those up later." During the course of his testimony, movant admitted to prior convictions for possession of a controlled substance, stealing, trespass, burglary second, assault third, DWI, and tampering. On cross-examination he admitted to two 1992 guilty pleas for stealing, a 1992 guilty plea for burglary second degree, a 1982 guilty plea for tampering with a utility second degree and a DWI, a 1989 guilty plea to assault third, 1990 guilty pleas to burglary second and stealing over $500, 1991 guilty pleas to assault third degree and property damage second degree, 1993 guilty plea to burglary second, 1995 guilty pleas to burglary second and possession of burglar's tools, a 2002 conviction for stealing, a 2004 conviction for trespassing first degree, a 2004 guilty plea to stealing, and 2005 guilty pleas to possession of a controlled substance and possession of drug paraphernalia. He also admitted to a 1976 Arkansas conviction for receiving stolen property. At the close of the evidence Mr. Hafner asked the Court to make a prior and persistent offender finding; the Court said it would do that while the jury was out.

The prior and persistent offender issue was taken up again prior to pronouncement of sentence at which time movant admitted under oath to pleas in 1990 to two counts of burglary second degree and stealing over $500 and a 1993 plea of guilty to burglary second degree. The Court made a finding at that time that movant was a prior and persistent offender.

At the time of movant's trial numerous cases had held that when a defendant was found to be a prior and persistent offender after the case was submitted to the jury, any error was generally harmless. See, State v. Teer, 275 S.W.3d 258, 262 (Mo. banc 2009); see also, State v. Cullen, 39 S.W.3d 899, 906 (Mo. App. E.D. 2001). In January 2009, the Supreme Court ruled in Teer that the requirement in § 558.021 that the defendant's prior and persistent offender status be pleaded and proved prior to submission to the jury was mandatory.

The Court finds movant's claim is without merit because an attorney's conduct is determined by what the law is considered at the time of trial. Counsel is not ineffective for not anticipating a change in the law. State v. Parker, 886 S.W.2d 908, 923 (Mo. banc 1994). At the time of movant's trial, the timing of the proof of prior and persistent offender status was not deemed to be critical, and the failure of the State to make its proof in a timely manner was not deemed to be prejudicial.

(Respondent's Exh. G, PP. 38-41). Petitioner advanced the claim on appeal of the denial of his Rule

29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his first point on appeal, Movant claims the motion court clearly erred in denying without an evidentiary hearing his claim that both his trial counsel and appellate counsel were ineffective. Specifically, Movant argues that his trial counsel was ineffective for failing to object to the trial court's untimely classification of Movant as a persistent offender. Movant also contends that his appellate counsel was ineffective for failing to raise this same issue on direct appeal.
>
> A "persistent offender" is a person "who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 558.016.3. Section 558.021.2 mandates that the facts establishing the enhanced punishment status "shall be pleaded, established and found prior to submission to the jury." The Missouri Supreme Court has held that the plain language of Section 558.021.2 imposes a mandatory timing requirement. *State v. Teer*, 275 S.W.3d 258, 261 (Mo. banc 2009). However, a failure to comply with this requirement will be reversible error only if the defendant can establish prejudice. *Id*. at 260-61.
>
> Generally, a conviction for stealing, third offense in violation of Section 570.040.1 is a Class D felony, which has a maximum penalty of four years' imprisonment. Sections 570.040.1; 558.011.1(4) (providing the maximum penalty for a Class D felony). However, Section 558.016.7(4) enhances the sentence for a persistent offender from that of a Class D felony to a Class C felony, which has a maximum penalty of seven years. Section 558.011.1(4) (providing the maximum penalty for a Class C felony).
>
> In its indictment, the State charged Movant as a persistent offender based on Movant's guilty pleas to five previous felonies. During the trial, Movant admitted that he had previous convictions for a number of crimes including the five felonies listed in the indictment. Although the State asked the trial court to make a persistent offender finding before submission to the jury, the trial court did not make a finding until sentencing. Movant's trial counsel did not object to this procedure, and appellate counsel did not raise this issue on appeal.
>
> The motion court rejected Movant's claims of ineffective assistance without holding an evidentiary hearing. In so doing, the motion court concluded that Movant failed to allege facts that would entitle him to relief because "[a]t the time of [M]ovant's trial, the timing of the proof of prior and persistent offender status was not deemed to be critical, and the failure of the State to make its proof in a timely manner was not deemed to be prejudicial."
>
> Based on our review of the whole record, we cannot say that the motion court clearly erred in denying Movant's claim. The State charged Movant as a persistent offender, and Movant admitted he had convictions for the felonies listed in the indictment. Movant's admissions relieved the State of its burden to prove the convictions supporting a finding of persistent offender status. *State v. Johnson*, 237

- 4 -

> S.W.3d 277, 284 (Mo. App. E.D. 2007). While it is true that the trial court made an untimely finding, authoritative case law, valid at the time of Movant's trial, suggested any claimed error related to the trial court's belated finding would be harmless error. *See State v. Tincher*, 797 S.W.2d 794 (Mo. App. S.D. 1990). In *Tincher*, the trial court made a belated persistent offender finding, which the reviewing court deemed error. *Id.* at 797. The reviewing court, however, found no prejudice from the belated finding and did not reverse because the trial court had a valid basis to impose sentencing. *Id.* at 798. Here, Movant did not request jury sentencing, and therefore, the trial court had a valid basis to impose sentencing. Based on the relevant facts and precedent, we cannot say that trial counsel's and appellate counsel's performance was inconsistent with that of a reasonably competent attorney under the same circumstances. Point denied.

(Respondent's Exh. J, PP. 6-8).

With respect to federal court review of state court conclusions, 28 U.S.C. §2254 states in pertinent part as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

- 5 -

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

Upon consideration, the Court finds that with this claim Petitioner fails to demonstrate deficient performance. Specifically, the Court notes that Petitioner was sentenced on March 21, 2008, and his appellate brief was submitted on November 25, 2008. At those times, case law indicated that any error regarding the timing of the trial court's finding that Petitioner was a persistent offender would likely have been held harmless.[4] The Missouri Supreme Court did not hold the timing requirement was mandatory until 2009. See State v. Teer, 275 S.W.3d 258 (Mo. banc 2009). Under these circumstances, the Court cannot find Petitioner's attorneys' decisions not to raise the issue at trial or on appeal fell outside the wide range of professionally competent assistance sanctioned by Strickland, and so Ground 1 must be denied.[5]

## II. Ground 2

As stated above, in Ground 2 of his petition Petitioner asserts he received ineffective assistance of counsel, in that trial counsel failed to object when a State's witness engaged in improper bolstering during his testimony at trial. (§2254 Petition, PP. 6-8). Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

---

[4] The finding of harmlessness appears especially likely in light of Petitioner's own testimony during trial, in which he admitted to several prior offenses.

[5] In light of the Court's finding regarding deficient performance, it need not consider whether Petitioner established prejudice. The Court notes, however, that Petitioner's apparent waiver of his right to jury sentencing seemingly undermines his ability to establish prejudice.

> Movant's remaining claim is that his attorney was ineffective for not objecting to the testimony of a security guard that "I've been doing this for a year. I haven't made one bad stop." Movant contends he was improperly bolstering his own testimony about his observations of movant. Movant cites cases which state that improper bolstering occurs "when a witness' out-of-court statement is offered solely to duplicate or corroborate trial testimony."
>
> The witness testified that he observed movant select wiring, go to the front of the store and begin looking around. After movant went out a door without paying for the wiring, the witness approached movant, identified himself as Home Depot Security, and told movant he could not be leaving the store without paying for the merchandise. The jury was also shown a surveillance video of movant walking past the cash register without making an attempt to pay for the wiring. During redirect examination, the witness testified as to the steps he normally has to observe before he becomes involved, and he then made the statement movant claims should have been objected to. Movant testified that he did electrical work, that he went to a Home Depot store on the day in question and he went up to the front of the store while he was waiting for another person he was with but he never went out of the store.
>
> Ineffectiveness of counsel is rarely found in cases where trial counsel has failed to object. Williams v. State, 205 S.W.3d 300, 305 (Mo. App. W.D. 2006). A failure to object constitutes ineffectiveness only when a substantial deprivation of the right to a fair trial is involved. State v. Edwards, 785 S.W.2d 703, 706 (Mo. App. 1990); Henderson v. State, 767 S.W.2d 566 (Mo. App. 1988). The fact that a meritorious objection is not made does not demonstrate incompetence. There must be a showing that the trial counsel's overall performance fell short of the established norms. State v. Cobb, 820 S.W.2d 704, 713 (Mo. App. 1991).
>
> The statement of the witness at issue here was not an out-of-court statement offered to corroborate trial testimony. The statement was an unsolicited statement made by the witness during the trial. As such it does not meet the definition of bolstering stated by movant in the amended motion. The Court further does not believe the statement had a decisive effect on the outcome of the case. This claim is without merit.

(Resp. Exh. G, PP. 41-42). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> In his second point on appeal, Movant contends the motion court clearly erred in denying without an evidentiary hearing his claim that his trial counsel was ineffective for failing to object to Gardner's testimony that "I've been doing this for a year. I haven't made one bad stop." Movant argues that trial counsel should have objected to this testimony as improper bolstering evidence. We disagree.
>
> We will rarely find ineffective assistance of counsel in cases where trial

counsel has failed to make an objection. *Cole v. State*, 302 S.W.3d 812, 818 (Mo. App. E.D. 2010). It is within the judgment of trial counsel to determine whether and when to make evidentiary objections, and to constitute ineffective assistance of counsel, the admitted evidence must have "resulted in a substantial deprivation of the accused's right to a fair trial." *Helmig*, 42 S.W.3d at 678. "To establish a claim of ineffective assistance of counsel for failure to object, such objection must be meritorious." *Griffith v. State*, 233 S.W.3d 774, 778 (Mo. App. E.D. 2007). To have a meritorious objection to testimony as improper bolstering, the opposing party must offer the witness's out-of-court statement "only to be duplicative or corroborative of trial testimony." *See State v. Hudson*, 230 S.W.3d 665, 668 (Mo. App. E.D. 2007). If the trial testimony does not include any out-of-court statements, then no improper bolstering has occurred. *State v. Christeson*, 50 S.W.3d 251, 267 (Mo. banc 2001).

In denying Movant's claim without an evidentiary hearing, the motion court concluded that Gardner's testimony did not constitute improper bolstering, and therefore, trial counsel was not ineffective for failing to object to the testimony. Gardner's statement, "I've been doing this for a year. I haven't made one bad stop," was not an out-of-court statement that was duplicative of or used to corroborate his trial testimony, but instead was a statement made during trial. Therefore, it does not qualify as improper bolstering.

We will not find Movant's counsel to be ineffective for failing to make a non-meritorious objection. *Cole*, 302 S.W.3d at 818. Consequently, the motion court did not clearly err in denying Movant's claim of ineffective assistance of counsel without an evidentiary hearing. Point denied.

(Respondent's Exh. J, PP. 8-9).

Upon consideration, the Court finds the State court rulings that the testimony at issue did not constitute improper bolstering, and that there existed no reasonable probability that the outcome of the trial would have been different had Petitioner's attorney objected to the testimony, did not represent an unreasonable application of "clearly established Federal law," nor were they based upon "unreasonable determination[s] of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Ground 2 must therefore be denied.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Scott Lawrence, Superintendent of Algoa Correctional

Center, is substituted for Jennifer Sachse as proper party respondent.

**IT IS FURTHER ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) is **DENIED**, and his claims are **DISMISSED** with prejudice.  A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 13th day of September, 2012.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE